# In the United States Court of Federal Claims

No. 19-1142T
(Filed: March 31, 2020)

```
*************************************
ALZOLA PATE SIMMONS,           *
                               *
         Plaintiff,            *
                               *    Pro Se Plaintiff; Tax Refund; Credit for
v.                             *    Qualified Adoption Expenses; IRC § 23;
                               *    RCFC 56; Motion for Summary Judgment
THE UNITED STATES,             *
                               *
         Defendant.            *
*************************************
```

Alzola Pate Simmons, Winston-Salem, NC, pro se.

Bart D. Jeffress, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

      Plaintiff Alzola Pate Simmons, proceeding pro se in this matter, alleges that she had a credit for qualified adoption expenses in 2003 that should be carried forward seven years to generate a refund for her 2010 taxable year. Defendant moves for summary judgment pursuant to Rule 56 of the United States Court of Federal Claims ("RCFC"). Because the Internal Revenue Code ("IRC") dictates that the credit may only be carried forward a maximum of five years, there is no genuine issue of material fact and therefore the court grants defendant's motion.

### I. BACKGROUND

      Ms. Simmons's adoption of her son, a child with special needs, was finalized in 2003, but Ms. Simmons did not claim a credit for qualified adoption expenses for the 2003 taxable year. In 2011, Ms. Simmons filed her individual federal income tax return for the taxable year ending December 31, 2010. Def. Ex. 1 at 2. She had no tax liability for 2010 and therefore the Internal Revenue Service ("IRS") issued a refund comprised of her withholdings and refundable credits. Id.

      On May 31, 2013, Ms. Simmons filed an amended return for her 2010 taxable year with help from Susan J. Shelton of Shelton Tax Service. Def. Ex. 2 at 5. In this amended return, she claimed no taxable income, a previously unclaimed credit of $10,052, and a corresponding

refund of $10,052.  Id. at 4; see also Def. Ex. 1 at 2 (reflecting a $0 tax liability for 2010).  The stated reason for filing the amended return was:

> TAXPAYER HAD CARRYOVER ADOPTION CREDIT NOT TAKEN ON ORIGINAL RETURN.  SEE ATTACHED 2010 FORM 8839 AND AMENDED PRIOR YEARS 8839.

Def. Ex. 2 at 5.  Attached to the amended return were Forms 8839 (Qualified Adoption Expenses) for taxable years 2003 to 2010.  Id. at 6-13.  The 2003 Form 8839 identified a child with special needs and indicated that Ms. Simmons did not file Form 8839 for a prior year, did not claim a credit carryforward from any prior year, and claimed total qualified adoption expenses in the amount of $10,160.  Id. at 13.  Further, the 2004 through 2010 Forms 8839 reflect that Ms. Simmons did not incur any adoption expenses for those years.  Id. at 6-12.

On November 4, 2013, the IRS notified Ms. Simmons that it had disallowed her refund claim of $10,052.  Def. Ex. 3 at 18.  The IRS stated that pursuant to IRC § 36C, the adoption credit had a five-year carry forward that expired in 2008.[1]  Id.  Ms. Simmons appealed the disallowance and her appeal was received by the IRS Office of Appeals on December 4, 2013.  Id. at 15.

On February 24, 2014, the IRS Office of Appeals notified Ms. Simmons that her refund claim of $10,052 for the 2010 taxable year was disallowed, explaining that the ability to carry forward the adoption credit expired in 2008.  Def. Ex. 4.  Ms. Simmons timely filed her complaint with this court on March 9, 2015.[2]  Defendant filed its motion for summary judgment on December 6, 2019, and Ms. Simmons filed what the court construes as her response on January 6, 2020.  In her response, Ms. Simmons communicated that she was unaware in 2003 of where to claim the adoption credits.  She indicated that by 2013, she learned the adoption credit could be claimed on her tax return and so she amended her 2010 tax returns to claim the unused

---

[1] In taxable years 2010 and 2011, IRC § 23 was redesignated as IRC § 36C, temporarily making the credit for adoption expenses refundable and eliminating the provision allowing taxpayers to carry forward the credit for five years.  Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 10909(b), 124 Stat. 119, 1022-23 (2010); Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of 2010, Pub. L. No. 111-312, § 101(b), 124 Stat. 3296, 3298.  In its motion for summary judgment, defendant asserts that the IRS mistakenly referred to IRC § 36C instead of IRC § 23 when disallowing Ms. Simmons's refund claim.  It is possible that when the IRS reviewed Ms. Simmons's 2010 refund claim in 2013, it examined the adoption expense credit provision in effect for 2010—IRC § 36C—to ascertain whether the credit could be carried forward from 2003, determined that the original five-year carry forward provision had been eliminated (rather than extended), and therefore properly concluded that the five-year carry forward provision from IRC § 23(c) applied to Ms. Simmons's refund claim.  Thus, the IRS's references to IRC § 36C, while imprecise, do not detract from its conclusion that a five-year carry forward provision controlled.

[2] Due to an administrative oversight at the court, the complaint was not docketed until August 6, 2019.

adoption credit.  Defendant filed its reply on January 27, 2020.  The court deems oral argument unnecessary.

## II.  LEGAL STANDARDS

### A.  Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The court may excuse ambiguities in a pro se plaintiff's complaint, but the court does not excuse a complaint's failures.  Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995).  Where a pro se litigant is involved, the same standards of summary judgment apply.  United States v. Moore, 156 F. Supp. 2d 238, 243 (D. Conn. 2001).

### B.  Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  RCFC 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is genuine if it "may reasonably be resolved in favor of either party."  Id. at 250.

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  Celotex Corp., 477 U.S. at 323.  The nonmoving party then bears the burden of showing that there are genuine issues of material fact for trial.  Id. at 324.  Both parties may carry their burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  RCFC 56(c)(1).

The court must view the inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party.  Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, the court must not weigh the evidence or make findings of fact.  See Anderson, 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."); Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002) ("On summary judgment, the question is not the 'weight' of the evidence, but instead the presence of a genuine issue of material fact . . . ."), abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665 (Fed. Cir. 2008) (en banc); Ford Motor Co. v. United States, 157 F.3d 849, 854 (Fed. Cir. 1998) ("Due to the nature of the proceeding, courts do not make findings of fact on summary judgment."); Mansfield v. United States, 71 Fed. Cl. 687, 693 (2006) ("[T]he Court may neither make credibility determinations nor weigh the evidence and seek to determine the truth of the matter.  Further, summary judgment is

inappropriate if the factual record is insufficient to allow the Court to determine the salient legal issues."). Entry of summary judgment is mandated against a party who fails to establish "an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

### C.  Internal Revenue Code

The IRC provides a nonrefundable tax credit for qualified adoption expenses, IRC § 23(a)(1) (2018), as well as a $10,000 credit for adopting a child with special needs regardless of the expenses incurred, id. § 23(a)(3).  In 2003, when Ms. Simmons adopted her child, the latter section provided:

> In the case of an adoption of a child with special needs which becomes final during a taxable year, the taxpayer shall be treated as having paid during such year qualified adoption expenses with respect to such adoption in an amount equal to the excess (if any) of $10,000 over the aggregate qualified adoption expenses actually paid or incurred by the taxpayer with respect to such adoption during such taxable year and all prior taxable years.

26 U.S.C. § 23(a)(3) (2000 & Supp. III 2003).  The credit amount in 2003 was increased to $10,160.  Id. § 23(h); Rev. Proc. 2002-70, 2002-46 I.R.B. 845, 847.  At issue in this case is IRC § 23(c), the provision for carrying forward any unused credit.  The relevant part of this section states: "No credit may be carried forward under this subsection to any taxable year following the fifth taxable year after the taxable year in which the credit arose."  IRC § 23(c).  This section limits the ability of a taxpayer to carry forward the credit to five years after the finalization of an adoption.

### III.  DISCUSSION

In her amended 2010 tax return, Ms. Simmons claims a refund for an adoption expenses credit originating in 2003 that she attempts to carry forward seven years to 2010.  However, IRC § 23(c) clearly provides that the credit can be carried forward a maximum of five years.  Since Ms. Simmons's adoption of her son was finalized in 2003, the last year she could claim the adoption expenses credit was 2008.  Thus, Ms. Simmons cannot, as a matter of law, recover on her tax refund claim.  Ms. Simmons's tax refund claim fails as a matter of law for an additional reason:  she did not incur any adoption expenses in 2010 that would qualify for a refundable credit, or in the five years prior to 2010 that would qualify for the nonrefundable credit and could be carried forward into 2010.

Defendant bears the burden of demonstrating the absence of a genuine issue of material fact.  Based upon the record, there is no genuine issue of material fact that would affect the outcome of this suit.  Therefore, defendant is entitled to summary judgment.

## IV. CONCLUSION

Ms. Simmons's situation is regrettable, and the court certainly empathizes with Ms. Simmons's desire to provide for her son.  However, her claim cannot be maintained as a matter of law in this court.  Therefore, defendant's motion for summary judgment is **GRANTED**.  Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.  No costs.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
MARGARET M. SWEENEY
Chief Judge